IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERTA LOPEZ,

       Plaintiff,

vs.                                                                 Civ. No. 04-1311 JP/RHS

NORTHERN NEW MEXICO COMMUNITY
COLLEGE, and JACOB PACHECO, individually
and in his official capacity, and HILARIO ROMERO,
individually and in his official capacity,

       Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

On November 21, 2005, the Defendants filed Defendants' Motion to Dismiss or for

Summary Judgment Based on Collateral Estoppel/Issue Preclusion and Based on Qualified

Immunity as to Claims Against the Individual Defendants (Doc. No. 20).  Having reviewed the

briefs and relevant law, the Court finds that Defendants' motion to dismiss or for summary

judgment should be granted in part in that all of Plaintiff's claims should be dismissed with

prejudice, but Defendants' request for attorney's fees should be denied at this time.

A.  Background

The Plaintiff brings this employment lawsuit under Title VII and 42 U.S.C. §1983.

Plaintiff's First Amended Civil Complaint for Damages (Doc. No. 2)(First Amended Complaint)

at ¶1, filed Jan. 13, 2005.  Plaintiff's claims are based on her allegations that she was sexually

harassed by Defendant Jacob Pacheco, a co-employee at the Defendant Northern New Mexico

Community College (College), as well as by her supervisor, Defendant Hilario Romero.  The

College subsequently terminated Plaintiff's employment following an arbitrator's determination

that termination would be justified and lawful, because Plaintiff had engaged in sexual harassment and other inappropriate behavior while employed at the College.  The Plaintiff did not appeal the arbitrator's determination.

The Plaintiff is apparently making the following Title VII claims in her First Amended Complaint:[1]

1.  Defendants Pacheco and Romero sexually harassed the Plaintiff.  ¶¶37, 38, 40, and 41 of First Amended Complaint.

2.  Defendant Romero created a hostile work environment.  ¶39 of First Amended Complaint.

3.  Defendant Romero retaliated against Plaintiff.  ¶¶40 and 41 of First Amended Complaint.

The Plaintiff is also seems to be making the following §1983 claims:

1.  The College failed to properly train and supervise Defendant Pacheco.  ¶44 of First Amended Complaint.

2.  Defendant Pacheco acted "wilfully, negligently and intentionally" in causing physical injuries to the Plaintiff.  ¶¶45, 48, and 49 of the First Amended Complaint.

3.  Defendant Romero acted "wilfully, negligently and intentionally" in causing physical injuries to the Plaintiff.  ¶¶52 and 53 of the First Amended Complaint.

Defendants argue in their motion to dismiss or for summary judgment that all of Plaintiff's

---

[1]The Court notes that the First Amended Complaint does not comply with Fed. R. Civ. P. 10(a) which requires that "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ...."  In addition, the Plaintiff failed to comply with D.N.M. LR-Cv 56.1(b) which requires that a memorandum in opposition to a motion for summary judgment must number each disputed fact and "state the number of the movant's fact that is disputed."

claims are barred by the doctrine of collateral estoppel or issue preclusion as a result of the final

unappealed decision of the arbitrator.  Defendants further argue, in the alternative, that Plaintiff's

Title VII claims are nonetheless barred against Defendants Pacheco and Romero; that Plaintiff's

§1983 claims against Defendant Pacheco are also barred because his actions were not "under

color of state law;" and that the doctrine of qualified immunity bars any residual §1983 claims

against Defendant Romero.  The Defendants also seek attorney's fees under 29 U.S.C. §794a(b)

and 42 U.S.C. §1988(b) and (c).

B.  Standard of Review

    1.  Motion to Dismiss

In considering a motion to dismiss for failure to state a claim, the Court must liberally

construe the pleadings, accept as true all factual allegations in the complaint, and draw all

reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.

1984).  The Court may dismiss the complaint if it appears to a certainty that the plaintiff can prove

no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley*

*v. Gibson*, 355 U.S. 41, 45-46 (1957).

    2.  Motion for Summary Judgment

Summary judgment is appropriate if there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying

this standard, the Court examines the factual record and reasonable inferences therefrom in the

light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First*

*Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial

burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

Summary judgment motions involving a qualified immunity defense are determined somewhat differently than other summary judgment motions. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). "When a defendant raises the qualified immunity defense on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000). This is a heavy burden for the plaintiff. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)(citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)). "'First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1534-35). If, and only if, the plaintiff establishes both elements of the qualified immunity test does a defendant then bear the traditional burden of showing "'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1535)). In other words, although the court "review[s] the evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy

4

two-part burden; otherwise the defendants are entitled to qualified immunity." *Cram*, 252 F.3d at

1128 (citation omitted).

C.  Discussion

    1.  Preclusion of Plaintiff's Claims

    The Defendants argue that since Plaintiff's claims were decided by the arbitrator in his

capacity as a state agency decision maker, the Full Faith and Credit statute, 28 U.S.C. §1783,

requires that this Court apply New Mexico issue preclusion law in determining whether Plaintiff's

claims are collaterally estopped.  Assuming that the arbitrator's actions were those of a state

agency decision maker, the Court concludes that §1783 does not apply to this case because a state

court never reviewed the arbitrator's decision.  *See* Wright, Miller & Cooper, *Federal Practice*

*and Procedure:  Jurisdiction 2d* §4471.3 at 329.  The Court, nonetheless, questions whether the

arbitrator can rightly be characterized as a decision maker for a state agency.  In fact, the Court

finds that he performed the role of an arbitrator in the proceedings he conducted, not the role of a

state agency decision maker.  The parties consistently referred to him as an arbitrator.  Because he

acted as an arbitrator as opposed to a state agency decision maker, 28 U.S.C. §1783, which does

not apply to arbitration proceedings, is inapplicable.  *See id*. at §4475.1 at 508.  Taking the view

that the arbitrator in this case arbitrated Plaintiff's claims and did not make any "state agency

decision," the Court notes that federal, not state, preclusion rules apply in this situation.  *See, e.g.,*

*Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1276 (10th Cir.

2005); *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005).


    Although the Defendant raised the defense of collateral estoppel or issue preclusion with

respect to Plaintiff's claims, the Court believes that *res judicata* or claim preclusion is more

appropriate for this situation since the arbitrator did not specifically adjudicate all of the claims

Plaintiff asserts in her First Amended Complaint.[2]  The Tenth Circuit recently summarized the

federal test for finding claim preclusion as follows:

> [T]he doctrine of *res judicata*, or claim preclusion, will prevent a party from relitigating a
> legal claim that was or could have been the subject of a previously issued final judgment.
> Under Tenth Circuit law, claim preclusion applies when three elements exist:  (1) a final
> judgment on the merits in an earlier action: (2) identity of the parties in the two suits; and
> (3) identity of the cause of action in both suits.  If these requirements are met, *res judicata*
> is appropriate unless the party seeking to avoid preclusion did not have "full and fair
> opportunity" to litigate the claim in the prior suit.

*MACTEC, Inc.*, 427 F.3d at 831 (citations omitted).  In this case, the arbitrator's decision is

considered final.  *See id.*("As for finality, a valid and final award by arbitration generally has the

same effect under the rules of *res judicata* as a judgment of a court.").  The Defendants,

therefore, meet the first element of the *res judicata* test.

Although the College and Plaintiff were parties to the arbitration proceeding as well as to

this lawsuit, the same cannot necessarily be said for Defendants Pacheco and Romero who may

have only provided evidence in the arbitration proceeding. The second element of the *res judicata*

test is, therefore, met as to the College but not as to Defendants Pacheco and Romero.

The Tenth Circuit uses a transactional approach to determine the identity of cause of

action element.  *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1202 (10th Cir. 2000).

Under the transactional approach, claims can be precluded if they arise "out of the same

'transaction, or series of connected transactions' as a previous suit."  *Id*. (internal quotations

---

[2]Court can *sua sponte* raise the issue of *res judicata*.  *See ORI, Inc. v. Lanewala*, 147
F.Supp.2d 1069, 1081 n.15 (D. Kan. 2001)(citations omitted).

omitted).  In the Tenth Circuit, "claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes."  *Id*.  That is the situation here.  Consequently, the identity of cause of action element is met as to Defendant College.

The Plaintiff argues, however, that she did not have a full and fair opportunity to litigate her claims before the arbitrator because 1) the arbitrator was not impartial since the College chose the arbitrator and paid him as well; 2) the New Mexico Rules of Evidence did not apply to the arbitration proceeding; 3) Plaintiff received statements alleging she was a sexual harasser the day the arbitration proceeding began thereby preventing her from deposing the makers of those statements; and 4) a biased person conducted the College's investigation of Plaintiff's complaints. In *Salguero v. City of Clovis*, 366 F.3d 1168 (10th Cir. 2004), a plaintiff contesting preclusion of an issue decided by a state agency (grievance board) argued that he had not received a full and fair opportunity to litigate his case before the grievance board for the following reasons:  "(1) he was not afforded an opportunity to conduct discovery prior to the hearing; (2) he was unable to subpoena certain witnesses, question fully some witnesses who refused to answer all his questions, and seek appellate review of the decision; (3) hearsay evidence was admitted; and (4) members of the grievance board had no legal training."  *Id*. at 1174.  The *Salguero* plaintiff also complained that members of the grievance board were biased because they were internal employees.  *Id*. at 1175. The *Salguero* plaintiff, however, was represented by counsel before the grievance board and was able to call witnesses, cross-examine witnesses, and present other evidence.  *Id*. at 1174.  In *Salguero*, plaintiff's failure to show how his ability to litigate his claims before the grievance board was impeded, along with the procedure he was afforded, led the Tenth

Circuit to conclude that the plaintiff had a full and fair opportunity to litigate his claims before the grievance board. The Tenth Circuit also noted that the plaintiff failed to present any evidence of actual bias or an appearance of bias on behalf of the members of the grievance board. *Id.* at 1175.

As in *Salguero*, Plaintiff had an attorney at the arbitration proceeding and was able to call witnesses, cross-examine witnesses, and present evidence. Like the plaintiff in *Salguero*, Plaintiff has not presented any evidence that the arbitrator was in fact biased or even appeared biased. Although the Plaintiff contends that she was not given statements about her committing sexual harassment until the day of the arbitration proceeding, she does not indicate that she asked for a continuance of the arbitration proceeding to depose the makers of those statements, let alone that the arbitrator denied any request for a continuance. Under these circumstances, the Court finds that Plaintiff received a full and fair opportunity to litigate her claims against the College before the arbitrator. In sum, the doctrine of claim preclusion applies with respect to Plaintiff's claims against the College that were or could have been the subject of the arbitration proceeding.

    2.  Title VII Claims Against Defendants Pacheco and Romero

The Title VII claims against Defendant Pacheco, Plaintiff's co-employee, are subject to dismissal because a plaintiff cannot bring a Title VII claim against an individual defendant who is not in a supervisory position. *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996).

Plaintiff's Title VII claims against Defendant Romero in his official capacity are redundant since the College is already a named defendant. *See Ledbetter v. City of Topeka, Kan.*, 112 F.Supp.2d 1239, 1243 (D. Kan. 2000). Consequently, Defendant Romero is an improperly named defendant with respect to the Title VII claims brought against him in his official capacity. *See id.*

In addition, "personal capacity suits against individual supervisors are inappropriate under Title VII." *Haynes*, 88 F.3d at 901. Plaintiff's Title VII claims against Defendant Romero in both his official and individual capacities are, therefore, subject to dismissal.

    3. §1983 Claims Against Defendant Pacheco

    Defendant Pacheco argues that Plaintiff cannot bring a §1983 action against him because he was never Plaintiff's supervisor. Defendant Pacheco is correct. A plaintiff cannot establish a valid §1983 claim against a defendant unless the defendant had acted under color of state law. In order for Plaintiff to show that Defendant Pacheco was a state actor, she must demonstrate that he was her supervisor or in some other way exercised state authority over her. *Noland v. McAdoo*, 39 F.3d 269, 271 (10th Cir. 1994). Plaintiff failed to do that. Hence, Plaintiff's §1983 claims against Defendant Pacheco will be dismissed.

    4. §1983 Claims Against Defendant Romero in His Individual Capacity

    Defendant Romero argues that he is entitled to qualified immunity with respect to any §1983 claims brought against him in his individual capacity. To resolve a qualified immunity issue, the district court must first consider whether the plaintiff alleged a deprivation of a constitutional right. *See, e.g., Eden v. Voss*, 105 Fed. Appx. 234, 241 n.7 (10th Cir. 2004). Moreover, a defendant's liability under §1983 rests upon a constitutional violation regardless of whether the defendant can assert qualified immunity. *Id*. at 241. The preliminary question then is whether Plaintiff has alleged that Defendant Romero violated a constitutional right. The answer to that question is "no." Nowhere in the First Amended Complaint does the Plaintiff allege that Defendant Romero violated any of her constitutional rights. Defendant Romero is, therefore, entitled to qualified immunity with respect to the §1983 claims brought against him in his

individual capacity.

   5.  §1983 Claims Against Defendant Romero in His Official Capacity

   The Court *sua sponte* considers whether any §1983 claims against Defendant Romero in his official capacity should be dismissed.[3]   The United States Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of §1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989).  Consequently, the Plaintiff cannot sue Defendant Romero in his official capacity under §1983 and Plaintiff's official capacity claim against Defendant Romero must be dismissed.

   6. §1983 Claims Against the College

   Although the Court has found that *res judicata* bars Plaintiff's claims against the College, the Court, nonetheless, examines *sua sponte* whether the Plaintiff has stated a §1983 claim against the College.  First, the Court finds that the College as a state institution of higher learning is an arm of the state and therefore, not a "person" for §1983 purposes.  *See* N.M. Const., Art. XII, §11 (creating state educational institutions including the northern New Mexico state school); *Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 494 n.3 (10th Cir. 1998)(state educational institutions created under N.M. Const., Art. XII, §11, like the University of New Mexico (UNM), are considered arms of the state).  Second, the Court concludes that, as an arm of the state, the College is entitled to Eleventh Amendment immunity from suit.  *See Buchwald*, 159 F.3d at 494 n.3 (UNM, as an arm of the state, is entitled to Eleventh Amendment

_____

   [3]A district court may *sua sponte* dismiss a plaintiff's claim under Fed. R. Civ. P. 12(b)(6) if "'it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"  *Smith v. New Mexico*, 94 Fed. Appx. 780, 781 (10th Cir.), *cert. denied*, 125 S.Ct. 360 (2004)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)).

immunity).  Third, the Court finds that even if the College is not considered an arm of the state, the Plaintiff has failed to allege in her First Amended Complaint that the College violated any of her constitutional rights.  For these reasons, the §1983 claims against the College should be dismissed.

      7.  Defendants' Request for Attorney's Fees

      Defendants' request for attorney's fees is more appropriately addressed in a separate motion for attorney's fees.  The Court notes that Defendants' request for attorney's fees does not include any documentary evidence regarding the billable hours expended in defending this case.

      IT IS ORDERED that:

      1.  Defendants' Motion to Dismiss or for Summary Judgment Based on Collateral Estoppel/Issue Preclusion and Based on Qualified Immunity as to Claims Against the Individual Defendants (Doc. No. 20) is granted in part;

      2. Plaintiff's claims against the Defendants will be dismissed with prejudice; and

      3.  Defendants' request for attorney's fees is denied at this time.

_____

SENIOR UNITED STATES DISTRICT JUDGE